UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 507 SUMMIT LLC and KOA CAPITAL L.P.<br>Applicants<br>v.<br>BALANCE LAW PLLC dba Balance Law Firm<br>Respondent | Case 25-mc-235 |

**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION
FOR ORDER OF JUDICIAL ASSISTANCE UNDER 28 U.S.C. § 1782**

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Applicants

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

BACKGROUND ..................................................................................................................... 1

I. THE RELEVANT PARTIES .................................................................................... 1

    A. CIH; Fang; Mr. Mo ........................................................................................ 1

    B. Applicants ...................................................................................................... 3

    C. Balance Law Firm ......................................................................................... 3

II. THE MERGER ........................................................................................................... 3

III. THE CAYMAN PROCEEDING .............................................................................. 4

IV. THE DISCOVERY SOUGHT .................................................................................. 5

ARGUMENT ........................................................................................................................... 5

I. THE STATUTORY REQUIREMENTS ARE SATISFIED ..................................... 6

    A. Balance Law Firm is Found Within this District ......................................... 6

    B. The Discovery Sought is "For Use" in a Foreign Proceeding ...................... 7

    C. Applicants are "Interested Persons" .............................................................. 7

II. THE DISCRETIONARY *INTEL* FACTORS WEIGH IN FAVOR OF PERMITTING DISCOVERY ......................................................................................................... 7

    A. Whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad" .............................................................................. 7

    B. "The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance" ........................................... 8

    C. Whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States" ........ 8

    D. Whether the request is "unduly intrusive or burdensome" ............................ 8

III. EX PARTE RELIEF SHOULD BE GRANTED ....................................................... 9

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Accent Delight Int'l Ltd.*,
    869 F.3d 121 (2d Cir. 2017) ............................................................................................... 7

*Actava TV, Inc. v. Joint Stock Company "Channel One Russia Worldwide"*,
    2023 WL 2529115, at *3 (S.D.N.Y. Mar. 15, 2023) ......................................................... 1

*In re Batbold*,
    2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023) .................................................................... 8

*In re Application of CBRE Glob. Invs. (NL) B.V.*,
    2021 WL 2894721 (S.D.N.Y. July 9, 2021) ...................................................................... 8

*In re del Valle Ruiz*,
    939 F.3d 520 (2d Cir. 2019) ............................................................................................... 6

*In re Ernesto Andrade Group*,
    712 F. Supp. 3d 438 (S.D.N.Y. 2024) ................................................................................ 9

*Euromepa, S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995) ............................................................................................... 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ............................................................................................................ 5

*In re Kingstown Partners Master Ltd.*,
    2022 WL 1081333 (S.D.N.Y. April 8, 2022) ..................................................................... 8

*Lufthansa Technik v. Panasonic Avionics Corp.*,
    2017 WL 6311356, at *4 (W.D. Wash. Dec. 11, 2017) ..................................................... 8

*Oasis Invs. II Master Fund Ltd. v. Mo*,
    82 Misc.3d 1242(A) (Sup. Ct. N.Y. Co. 2024) ................................................................... 3

*In re Platinum Partners Value Arbitrage Fund L.P.*,
    583 B.R. 803 (Bankr. S.D.N.Y. 2018) ................................................................................ 8

*In re Application of Savan Magic Ltd.*,
    2017 WL 6454240 (D. Nev. Dec. 18, 2017) ...................................................................... 8

*Lyxor Asset Mgm't S.A. v. Phoenix Meridian Equity Limited*
    [2009] CILR 553 ......................................................................................................... 5, 7, 8

**Statutes and Rules**

28 U.S.C. § 1782 ............................................................................................................. 1, 5, 6, 7, 8, 9

Fed. R. Evid. 201 ....................................................................................................................... 1

Grand Court Rules, Order 24, Rule 3 ....................................................................................... 5

Applicants 507 Summit LLC and KOA Capital L.P. (together, "Applicants") submit this memorandum of law in support of their ex parte application for an order of judicial assistance under 28 U.S.C. § 1782 authorizing them to take document discovery of respondent Balance Law PLLC dba Balance Law Firm for use in an appraisal proceeding pending in the Grand Court of the Cayman Islands ("Cayman Court"), brought under Section 238 of the Cayman Islands Companies Act, to determine the fair value of their Class A ordinary shares in China Index Holdings Limited ("CIH").

## BACKGROUND

I.     THE RELEVANT PARTIES

    A.     CIH; Fang; Mr. Mo

CIH is a Cayman Islands exempted company with limited liability, that was spun-off of Fang Holdings Limited ("Fang"), also a Cayman Islands exempted company with limited liability, in 2019, via dividend distribution of all of CIH's shares to Fang shareholders. (Fang Form 20-F filed 5/27/20 at 39; CIH Form 20-F filed 4/26/22 at 51.[1])

Per its 2021 annual report (id. at 50-51), CIH was originally incorporated as Selovo Investments Limited under British Virgin Islands law in 2007 as a wholly owned subsidiary of Fang. In 2018 the company re-domiciled to the Cayman Islands and changed its name to CIH. Following the spin-off, Fang retained its business operating a real estate internet portal focusing primarily on serving the residential real property sector, while CIH provided real estate data and

---

[1] Documents cited herein are hyperlinked to the same ones filed in Applicants' prior § 1782 proceeding seeking discovery from General Atlantic, S.D.N.Y. Case 1:23-mc-427-GHW-KHP, in Evenstar's prior § 1782 proceeding relating to its Cayman "winding up" proceeding against Fang (discussed below) or in Oasis Investments II Master Fund Ltd. v. Vincent Tianquan Mo et al, Sup. Ct. N.Y. Co. Index 652607/2023 (the "Fang Derivative Action"). The Court may take judicial notice of such documents under FRE 201. *Actava TV, Inc. v. Joint Stock Company "Channel One Russia Worldwide"*, 2023 WL 2529115, at *3 (S.D.N.Y. Mar. 15, 2023).

1

analytics tools under the information services segment in addition to promotion services and listing services under the marketplace services segment.

While Fang and CIH shares traded separately as a result of the spin-off, the two businesses remained intertwined:

(1) Post-spin-off, the two entities continued to share revenue and operating responsibilities under a Business Cooperation Agreement. (CIH Form F-1/A filed 5/24/19 Exhibit 10.4.)

(2) The two entities have shared common board members and Management. Richard Jiangong Dai, the nephew (Fang Form 20-F filed 5/27/20 at 22) of Fang's and CIH's controlling shareholder Vincent Tianquan Mo, remained the chairman of the boards of both CIH and Fang. (Board Webpages for CIH and Fang.)  Mr. Dai has a history of management responsibilities at Fang including serving as its president and CEO from 1999 to 2014 and director from September 2010 to February 2016. (CIH Form 20-F filed 4/26/22 at 87.)  Mr. Mo was previously chairman of both boards. (Fang Form 6-K filed 6/13/19 Exhibit 99.1.) Yu Huang, the "Director, CEO and President" of CIH, is also an "independent director" of Fang. (See also Cayman Judgment entered 4/20/23 ¶27 (discussing additional overlap).)

(3) Fang owns shares of CIH and had significant voting power over CIH. As of February 24, 2023, Fang owned 6,964,415 Class A ordinary shares entitled to one vote per share and 11,119,686 Class B ordinary Shares entitled to ten votes per share. (CIH Schedule 13E-3/A filed 2/24/23 at 87.)  Fang had beneficial ownership of 20% and voting control of 39% as of February 24, 2023. (Id. at 87-88.)  At all relevant times Mr. Mo controlled in excess of 50% of the voting power of each company.[2]

---

[2] Fang disclosed in its 2019 (last-filed) annual report, that 88.7% of its ordinary shares were beneficially owned by Mr. Mo and his affiliates. (Fang Form 20-F filed 5/27/20 at 91.) CIH disclosed that as of March 31, 2022, he "beneficially owned approximately 27.2% of [CIH's] total

### B. Applicants

Applicants were beneficial owners of CIH ADS that converted to Class A ordinary shares, who dissented from the subject merger. (CIH Appraisal Petition ¶¶11, 13 and p.5; Cayman Judgment entered 4/20/23 ¶¶2, 24, 45-46, 86.g.)

### C. Balance Law Firm

The Balance Law Firm is defense counsel in the Fang Derivative Action, in which fiduciary duty and similar claims are being asserted against Mr. Mo and others for having "indirectly suppress[ed] the market price for CIH" equity and "purposefully tanked" the price of CIH equity. *Oasis Investments II Master Fund Ltd. v. Mo*, 82 Misc.3d 1242(A), at *4 (Sup. Ct. N.Y. Co. 2024). (See also Fang Derivative Action NYSCEF #1 (complaint).) The law firm's address is 1 World Trade Center, Suite 8500. (Fang Derivative Action NYSCEF #249.)

## II.  THE MERGER

On November 30, 2020, General Atlantic proposed to buy all outstanding CIH shares, including Class A ordinary shares represented by ADS, not beneficially owned by it, for $2.32 per share. (CIH Schedule 13D/A filed 10/14/22 Item 4.)

CIH's board did not engage with respect to this proposal, because it was not supported by Mr. Mo. (CIH Schedule 13E-3/A filed 2/24/23 at 29.)

Instead, on August 23, 2022, Fang proposed to buy all outstanding CIH shares, including Class A ordinary shares represented by ADS, not beneficially owned by it, for $.84 per share, in a take-private transaction. (Id. at 30.)

---

ordinary shares and approximately 62.2% of the voting power of our outstanding shares. Therefore, [he] has decisive influence over matters requiring shareholders' approval, including election of directors and significant corporate transactions, such as a merger." (CIH Form 20-F filed 4/26/22 at 50.)

On August 31, 2022, CIH's board established a two-member special committee to evaluate Fang's proposal. (Id.)

On October 12, 2022, Mr. Mo and his affiliates including Fang entered into a Consortium Agreement with General Atlantic. (Id. at 31.) The next day, the consortium proposed to buy all outstanding CIH shares, including Class A ordinary shares represented by ADS, not beneficially owned by its members, for $.84 per share, in a take-private transaction. (Id.) That price was roughly one-third that offered in General Atlantic's November 30, 2020 proposal.

On November 25, 2022, Evenstar joined the consortium. (Id. at 34.) Evenstar previously commenced a "winding up" proceeding against Fang in the Cayman Court, based on inter alia Fang's having purchased CIH equity from affiliates of Mr. Mo at significant premiums to market. (S.D.N.Y. Case 20-mc-418-CS-JCM ECF #3-2 ¶¶65-90.) Post-merger that proceeding was discontinued.

Following negotiations, the consortium "increase[d] the purchase price to US$1.00 per Share or ADS" and indicated that was its "best and final offer". (CIH Schedule 13E-3/A filed 2/24/23 at 35-36.)

On December 22, 2022, the special committee approved the transaction. (Id. at 36.)

Following special committee approval, the board approved the merger "based upon the unanimous recommendation of the Special Committee." (Id. at 36-37.)

The merger documents were executed on the same day the special committee and board approved the same. (Id. at 37.)

The merger was consummated April 17, 2023. (CIH Form 6-K filed 4/17/23 Exhibit 99.1.)

### III.  THE CAYMAN PROCEEDING

Under Companies Act § 238, the Cayman Court is under statutory duty to decide the "fair value" of Applicants' shares. (Cecere Decl. ¶4.) The parties to the appraisal proceeding will

4

submit evidence, expert testimony and briefs bearing on fair value, after which the Cayman Court will weigh the evidence and decide on fair value.

There is no automatic discovery in the Cayman proceeding. Under Grand Court Rules, Order 24, Rule 3(1), the Cayman Court may order any party to produce "documents which are in their possession, custody or power relating to any matter in question between them in the action." ([Cecere Decl.](#) ¶9.) The Cayman Court, however, has no power to order nonparties outside of the court's jurisdiction to produce evidence. ([Id.](#) ¶¶13-17.) Because Balance Law Firm is outside the Cayman Court's jurisdiction, the Cayman Court will not have power to order it to provide evidence in the appraisal proceeding. Nevertheless, the Cayman Court permits use of § 1782 to gather discovery in connection with appraisal proceedings. *E.g.* [*Lyxor Asset Mgm't S.A. v. Phoenix Meridian Equity Limited*](#) [2009] CILR 553 ("Lyxor") ¶¶57-58.

## IV.   THE DISCOVERY SOUGHT

In opposition to the Fang derivative plaintiff's motion to compel defendants' production of documents in specified "categories … which are relevant to the issues at the heart of this action" (Fang Derivative Action NYSCEF [#351](#)), the defendants through Balance Law Firm filed a "Chart Produced to Plaintiffs' Counsel on Dec. 8" (NYSCEF document description, Fang Derivative Action NYSCEF [#380](#)) identifying documents Fang produced through its counsel that are responsive to the issues flagged by the plaintiff. The proposed subpoena seek all documents listed in that chart. That the documents are highly pertinent to the issue of CIH equity valuation is evident from the repeated references in the issue description column to CIH and value.

## **ARGUMENT**

Under § 1782, a district court may authorize discovery for use in a pending foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004).

The statute imposes three requirements: (1) the discovery must sought from someone who resides or is found within the district; (2) the discovery must be for use before a foreign tribunal; and (3) the applicant must be an "interested person." *Id*. at 241.

If these statutory requirements are met, the following discretionary factors are considered: (1) whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id*. at 264-65.

In considering these factors, the Court is required to keep in mind "the twin aims of Section 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Id*. at 252.

As detailed below, each statutory requirement is met and each discretionary factor weighs in favor of § 1782 relief.

## I.  THE STATUTORY REQUIREMENTS ARE SATISFIED

### A.  Balance Law Firm is Found Within this District

Whether a person is "found" in a district for § 1782 purposes is coextensive with whether a district court has personal jurisdiction over that person. *In re del Valle Ruiz*, 939 F.3d 520, 523-24 (2d Cir. 2019) ("Resides or is found" language in § 1782 "extends to the limits of personal jurisdiction consistent with due process"). Balance Law Firm is "found" in this district because its office address is 1 World Trade Center, Suite 8500, as noted above.

B. **The Discovery Sought is "For Use" in a Foreign Proceeding**

The "for use' requirement "focuse[s] on the *practical ability* of an applicant to place a beneficial document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017) (emphasis in original). Cayman courts permit evidence obtained via § 1782 in appraisal proceedings. Cecere Decl. ¶¶18-20, citing *Lyxor*.) Further, there are no restrictions under Cayman law limiting the ability of parties in the appraisal proceeding to submit relevant documentary or testimonial evidence obtained under § 1782. (Id. ¶¶21-26.)

C. **Applicants are "Interested Persons"**

Applicants are parties to the appraisal proceeding. (CIH Appraisal Petition.) There is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256.

## II. THE DISCRETIONARY *INTEL* FACTORS WEIGH IN FAVOR OF PERMITTING DISCOVERY

Once the statutory requirements are met, district courts consider the four discretionary *Intel* factors (listed in bold in section headings below). 542 U.S. at 264-65.

A. **Whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad"**

Balance Law Firm is not a party to the Cayman proceeding. (CIH Appraisal Petition.) Further, as it is located in New York, the Cayman Court will not have jurisdiction to compel discovery from it. Insofar as Fang is "the real party from whom documents are sought" (*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018)), Fang is not a party to the Cayman appraisal proceeding either. "[C]ourts have found that the first *Intel* factor does not weigh against granting discovery against … corporate affiliates of participants in foreign proceedings, even where the foreign participant may also possess the sought-after information."

7

*In re Batbold*, 2023 WL 2088524, at *5 n.1 (S.D.N.Y. Feb. 17, 2023). *See also In re Application of CBRE Glob. Invs. (NL) B.V.*, 2021 WL 2894721, at *10 (S.D.N.Y. July 9, 2021) (granting § 1782 application against corporate affiliate of party to foreign proceeding).

> **B.** **"The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"**

United States courts recognize Cayman courts are receptive to evidence obtained via § 1782. *In re Kingstown Partners Master Ltd.*, 2022 WL 1081333, at *5 (S.D.N.Y. April 8, 2022) (collecting cases in § 1782 proceedings to take discovery for use in Cayman appraisal proceedings); *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 816 (Bankr. S.D.N.Y. 2018) ("Cayman courts are in fact receptive to evidence obtained through U.S. discovery procedures, even if such evidence may not be discoverable under Cayman law").

> **C.** **Whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"**

This factor looks primarily to whether the discovery sought seriously offends public policy of the forum state or the United States and is satisfied unless the foreign court actively prohibits gathering the information sought. There is no such prohibition on obtaining nonparty discovery in aid of Cayman appraisal proceedings. *In re Application of Savan Magic Ltd.*, 2017 WL 6454240, at *4 (D. Nev. Dec. 18, 2017); *Lufthansa Technik v. Panasonic Avionics Corp.*, 2017 WL 6311356, at *4 (W.D. Wash. Dec. 11, 2017); *see also* [Lyxor](#) ¶¶57-58. Thus, the discovery sought does not seek to circumvent proof-gathering restrictions in appraisal proceedings. To the contrary, as noted above, Cayman courts are receptive to foreign discovery.

> **D.** **Whether the request is "unduly intrusive or burdensome"**

As to burden, the discovery sought is limited in scope to documents Fang produced via the Balance Law Firm that are clearly identifiable by Bates number. Intrusion issues are not presented,

8

given the topics to which the subject document discovery relates, as identified in Fang's chart. (Fang Derivative Action NYSCEF [#380](#380).) In any event, "it is far preferable for a district court to reconcile whatever misgivings it may have … by issuing a closely tailored discovery order rather than by simply denying relief outright". *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995).

### III. EX PARTE RELIEF SHOULD BE GRANTED

"The Second Circuit has recognized the appropriateness of granting applications under section 1782 ex parte." *In re Ernesto Andrade Group*, 712 F. Supp. 3d 438, 441 (S.D.N.Y. 2024) (collecting cases).

### CONCLUSION

The application should be granted.

Dated: New York, New York
May 22, 2025

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 1001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Applicants

9

**WORD COUNT CERTIFICATION**

I certify under penalty of perjury that the foregoing document has 2,535 words as calculated using the word-count feature of the word-processing program used to prepare the same, and so complies with Local Civil Rule 7.1(c).  Executed this 22nd day of May, 2025.

/s/ Jeffrey Chubak