**UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRICT OF NEW YORK**

| | |
|---|---|
| 507 SUMMIT LLC and KOA CAPITAL L.P.<br><br>                     Applicants,<br><br>                     v.<br><br>BALANCE LAW PLLC dba Balance Law Firm<br><br>                     Respondent. | Case No. 1:25-mc-00235-GHW-KHP<br><br><br><br><br><br><br><br>Honorable Katherine Parker |

**Memorandum of Law in Opposition to Application For Discovery Pursuant To 28 U.S.C. § 1782**

i

## Table of Contents

**PRELIMINARY STATEMENT** ...................................................................................1

**STATEMENT OF FACTS**..........................................................................................2

**ARGUMENT** ..............................................................................................................4

    I.    THE APPLICATION FAILS TO SATISFY THE STATUTORY REQUIREMENTS OF § 1782 ............................................................................................................................4

        A.    *The Requested Discovery Is Not "For Use" in the Cayman Appraisal Proceeding* ................................................................................................4

    II.    THE *INTEL* FACTORS WEIGH STRONGLY AGAINST GRANTING THE APPLICATION..............................................................................................................5

        A.    *Factor 1: The Target Is Not a Participant in the Foreign Proceeding* ................................................................................................5

        B.    *Factor 2: The Cayman Tribunal Is Not Receptive to This Assistance* ................................................................................................6

        C.    *Factor 3: The Application Is an Attempt to Circumvent Foreign Proof-Gathering Restrictions and Is Motivated by Retaliation*..............6

        D.    *Factor 4: The Request Is Unduly Intrusive and Burdensome* ..........7

    III.    THE COURT SHOULD APPLY HEIGHTENED SCRUTINY TO § 1782 APPLICATIONS FOR DISCOVERY MADE TO LAW FIRMS OR COUNSEL ....................8

**CONCLUSION**............................................................................................................9

## Table of Authorities

**Cases**

*BonSens.org v. Pfizer, Inc.*,
  95 F.4th 75 (2d Cir. 2024) ...........................................................................................5

*Grupo Qumma, S.A.*,
  No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 21, 2005) ..........................................6

*In re Application of Microsoft Corp.*,
  428 F. Supp. 2d 188 (S.D.N.Y. 2006) . ......................................................................5, 6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ...............................................................................................1, 4, 5, 7

*Kiobel v. Cravath, Swaine & Moore L.L.P.*,
  895 F.3d 238 (2d Cir. 2018) ........................................................................................8

*Klein v. Altara RK Invs. Ltd.*,
  No. 24-228-cv, 2025 U.S. App. LEXIS 3869 (2d Cir. Feb. 20, 2025) ....................8, 9

*Schlich v. Broad Inst., Inc. (In re Schlich)*
  (In re Schlich), 893 F.3d 40 (1st Cir. 2018) ...............................................................5

*Schmitz v. Bernstein Liebhard & Lifshitz, L.L.P.*,
  376 F.3d 79 (2d Cir. 2004) ..........................................................................................8

**Statutes**

28 U.S.C. § 1782 .................................................................................................. i, 1, 3, 4, 8

Section 238 ...........................................................................................................................1

**Other**

*507 Summit LLC et al v. Jiao Hayes, 3:24-cv-10260*
  (D.N.J. 2024) ...............................................................................................................7

*507 Summit LLC v. Kroll LLC et al, 1:2023-mc-00043*
  (D. Del. 2023) ..............................................................................................................7

*507 Summit LLC et al v. General Atlantic, L.P., 1:23-mc-00427*
  (KHP) (S.D.N.Y. 2024) ..............................................................................................7

*507 Summit LLC et al v. Roth Capital Partners, LLC, 8:2023-mc-00018*
  (C.D. Cal. 2023) ..........................................................................................................7

*In re Application of 507 Summit LLC, et al., Case No. 2:23-mc-00040-MTL*
  (D. Ariz. 2023) ............................................................................................................7

Respondent Balance Law PLLC respectfully submits this memorandum of law to oppose 507 Summit LLC and KOA Capital L.P.'s application for discovery pursuant to 28 U.S.C. § 1782.

**PRELIMINARY STATEMENT**

Non-Party Respondent Balance Law PLLC ("Respondent") opposes the application of 507 Summit LLC and KOA Capital L.P. ("Applicants") for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in a Cayman Islands appraisal proceeding under Section 238 of the Cayman Islands Companies Act (the "Application"). The Application seeks broad production of documents that Respondent produced on behalf of its clients in an ongoing shareholder derivative action in the New York State Supreme Court, Commercial Division, before the Honorable Andrew Borrok (the "NY Action" or "State Court Action").

The Application should be denied in its entirety. It fails the statutory requirements of 28 U.S.C. § 1782 because the requested discovery—documents from the NY Action concerning alleged breaches of fiduciary duty—is not "for use" in the Cayman appraisal, which is limited to determining the fair value of shares in a former subsidiary of the Cayman Islands company. The requested documents, as identified in the chart from the Fang Derivative Action, are pertinent to fiduciary duty issues, not share valuation, and Petitioner's attempt to characterize them as valuation-related is a pretext for retaliation. Even if the statutory threshold is met, the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh heavily against granting the Application. Respondent is not a participant in the Cayman proceeding; the Cayman Grand Court is not receptive to such broad U.S. discovery that circumvents its own limited procedures; the Application is a transparent attempt to

1

retaliate against Respondent's clients for serving a subpoena on Applicants in the NY Action; and the request is unduly burdensome, seeking a significant portion of over 300,000 pages of documents, many of which are irrelevant, confidential, or protected.

Petitioner's refusal to engage in good-faith negotiations, as directed by this Court, further underscores the retaliatory motive. Instead of reciprocating on the NY Action subpoena (authorized by Justice Borrok for discovery from minority shareholders like Petitioner), Petitioner insists on unilateral imposition of this subpoena without compromise. Petitioner's conduct fits a pattern of forum-shopping and abuse of the § 1782 process across multiple districts. This abuse of process warrants denial.

**STATEMENT OF FACTS**

This Application arises from Petitioner's ongoing Cayman Islands appraisal proceeding to determine the fair value of shares in a former subsidiary of Fang Holdings Limited (the "Company"). The Cayman proceeding is limited to valuation issues under Section 238 of the Companies Act, focusing on expert reports and fair market value, with restricted discovery compared to U.S. standards.

Separately, in the NY Action, Oasis Fund Master II alleges breaches of fiduciary duty by Respondent's clients–including Mr. Tianquan Mo and Mr. Jiangong Dai–the CEO and former Chairman of the Company, related to a related-party transaction. Justice Borrok has overseen extensive discovery, including Respondent's production of over 300,000 pages of documents to the plaintiff at significant cost (exceeding $300,000 through vendor Alvarez & Marsal). Justice Borrok also authorized non-party subpoenas to minority shareholders, including Petitioner, to explore their understanding of the transaction at issue. Respondent, on behalf of the CEO, served such a subpoena on Petitioner.

Shortly thereafter, Petitioner filed this ex parte Application, seeking all documents listed in a chart produced in the Fang Derivative Action (a related NY proceeding involving similar fiduciary claims against Mr. Mo and others for suppressing CIH equity prices). The Application was filed without notice to Respondent, despite the ongoing NY Action and the clear connection between the two matters. This Court directed the parties to negotiate a resolution, but Petitioner refused good-faith engagement, demanding full production without reciprocating on the NY subpoena or narrowing its request. Petitioner's counsel stated they would not comply with the NY subpoena unless Respondent capitulated here, confirming the retaliatory intent.

Petitioner's conduct fits a pattern: Applicants have filed multiple ex parte 28 U.S.C. § 1782 applications in various U.S. districts (SDNY, D.N.J., D. Del., C.D. Cal., D. Ariz., D. D.C., D. Ariz.) for discovery in Cayman appraisals, often targeting valuation-related information. For instance,

- in *507 Summit LLC et al v. General Atlantic, L.P., 1:23-mc-00427* (S.D.N.Y. 2024), an ex parte grant was obtained for CIH valuation documents;
- in 507 *Summit LLC et al v. Jiao Hayes, 3:24-cv-10260* (D.N.J. 2024), for a deposition;
- in 507 *Summit LLC v. Kroll LLC et al, 1:2023-mc-00043* (D. Del. 2023), for Kroll LLC (f/k/a Duff & Phelps LLC) and Kroll Securities LLC documents;
- in *507 Summit LLC et al v. Roth Capital Partners, LLC, 8:2023-mc-00018* (C.D. Cal. 2023), for valuations;
- *In re Application of 507 Summit LLC, et al., Case No. 2:23-mc-00040-MTL* (D. Ariz. 2023), for similar appraisal-related discovery; and

- *In re Application of 507 Summit LLC*, Case No. 4:23-mc-80243-DMR (N. D. Cal 2023)

These actions further evidence Applicants' intentional efforts to circumvent restrictions in foreign proceedings.

## ARGUMENT

I. The Application Fails to Satisfy the Statutory Requirements of § 1782

Section 1782 authorizes discovery only if: (1) the target resides or is found in the district; (2) the applicant is an "interested person" in the foreign proceeding; and (3) the discovery is "for use" in a foreign tribunal. 28 U.S.C. § 1782(a). While the first two may be met (Respondent is in this district, and Applicants are parties in the Cayman appraisal proceeding), the third is not.

   A. The Requested Discovery Is Not "For Use" in the Cayman Appraisal Proceeding

The "for use" requirement demands a "dispositive ruling by the foreign tribunal" be within "reasonable contemplation" and the discovery must be relevant to that ruling (*Intel Corp.*, 542 U.S. at 259). Cayman appraisal proceedings under Section 238 are narrow, focusing on fair value determination through expert reports, with limited discovery (e.g., no broad document production or interrogatories). *See In the matter of Qunar Cayman Islands Ltd.* [2017] (1) CILR 1 (Cayman Grand Court emphasizing expert-driven process).

The NY documents—internal communications, board minutes, and discovery on fiduciary duties—are irrelevant to share valuation and outside the Cayman proceeding's scope. The chart from the Fang Derivative Action identifies documents pertinent to fiduciary duties, not CIH valuation, despite Applicants' mischaracterization. Petitioner

4

seeks them not for "use" in Cayman but to harass Respondent's clients in retaliation for the NY subpoena. Courts deny § 1782 where discovery is speculative or unrelated. *See Schlich v. Broad Inst., Inc. (In re Schlich)* (*In re Schlich*), 893 F.3d 40 (1st Cir. 2018) (the court denied discovery because the requested information was deemed irrelevant to the foreign tribunal's jurisdiction and the proceedings before it, rendering the request speculative); *see also BonSens.org v. Pfizer, Inc.*, 95 F.4th 75 (2d Cir. 2024) (the court found the discovery request speculative because the applicant failed to demonstrate that the foreign tribunal would consider the requested evidence).

The Application should also be denied as a fishing expedition. Applicants' pattern of similar applications in multiple districts further shows an intent to abuse U.S. discovery processes rather than genuinely assist the Cayman tribunal.

II.   The *Intel* Factors Weigh Strongly Against Granting the Application

Even if statutory requirements are met, the Court has discretion to deny the Application under the *Intel* factors: (1) target's participation in the foreign proceeding; (2) foreign tribunal's receptivity; (3) circumvention of foreign proof-gathering rules; and (4) undue burden. *Intel Corp.*, 542 U.S. at 264–65. All favor denial.

A.   Factor 1: The Target Is Not a Participant in the Foreign Proceeding

Respondent is not a party to the Cayman appraisal, favoring discovery (*Id.* at 264). However, this factor is outweighed by others, as the Application is abusive. Respondent holds the documents as counsel for parties indirectly involved (via the subsidiary), making the request duplicative and improper. *See In re Application of Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) (denying despite non-participation due to circumvention). Applicants' assertion that Fang (a non-party in Cayman) is the "real target" ignores the retaliatory context and overstates relevance.

5

B. Factor 2: The Cayman Tribunal Is Not Receptive to This Assistance

Cayman courts are generally receptive to U.S. aid but prefer their own procedures in appraisals, which limit discovery to expert exchanges. *See In the matter of Qunar Cayman Islands Ltd Ltd.* [2017] (1) CILR 1. The Grand Court would not welcome broad U.S. production circumventing its rules. *See In re Application of Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) (finding that Microsoft's discovery request was a "blatant end-run" around such restrictions or policies of a foreign country. The European Commission itself had stated that Microsoft's subpoenas were "not objectively necessary but rather an attempt to circumvent the established rules on access to file in proceedings before the Commission"). Applicants' reliance on *Lyxor Asset Mgmt S.A. v. Phoenix Meridian Equity Limited* [2009] CILR 553 is misplaced, as that case involved targeted aid, not broad production like here. Applicants' similar applications across districts underscore the lack of genuine receptivity, as it suggests a pattern of overreach rather than targeted assistance.

C. Factor 3: The Application Is an Attempt to Circumvent Foreign Proof-Gathering Restrictions and Is Motivated by Retaliation

This factor is dispositive. The Application conceals a retaliatory motive: Filed shortly after Respondent's clients served a subpoena on Petitioner in the NY Action (authorized by Justice Borrok for minority shareholder discovery), it demands unilateral production without reciprocation. Petitioner's refusal to negotiate, as directed by this Court, confirms bad faith—insisting on imposition while ignoring the NY subpoena. *See Grupo Qumma, S.A.*, No. M 8-85, 2005 WL 937486, at *3 (S.D.N.Y. Apr. 21, 2005) (holding the lack of ulterior motive for seeking discovery relevant in granting application).

6

Moreover, Applicants' pattern of ex parte § 1782 filings in multiple districts (SDNY, D.N.J., D. Del., C.D. Cal., D. Ariz., D. D.C., D. Ariz.) for discovery in Cayman appraisals demonstrates forum-shopping to obtain evidence unavailable in Cayman. For instance,

- in *507 Summit LLC et al v. General Atlantic, L.P., 1:23-mc-00427 (KHP)* (S.D.N.Y. 2024), an ex parte application was made for CIH valuation documents;
- in 507 *Summit LLC et al v. Jiao Hayes, 3:24-cv-10260* (D.N.J. 2024), an application was made for a deposition;
- in 507 *Summit LLC v. Kroll LLC et al, 1:2023-mc-00043* (D. Del. 2023), for Kroll LLC (f/k/a Duff & Phelps LLC) and Kroll Securities LLC documents;
- in *507 Summit LLC et al v. Roth Capital Partners, LLC, 8:2023-mc-00018* (C.D. Cal. 2023), for valuations;
- *In re Application of 507 Summit LLC, et al., Case No. 2:23-mc-00040-MTL* (D. Ariz. 2023), for similar appraisal-related discovery; and
- *In re Application of 507 Summit LLC*, Case No. 4:23-mc-80243-DMR (N. D. Cal 2023)

This circumvents Cayman's limited discovery in appraisal proceeding, favoring denial (*Intel Corp.*, 542 U.S. at 265). Applicants' mischaracterization of the Fang Derivative Action chart as "valuation" evidence ignores its focus on fiduciary duties, further evidencing pretext.

D. Factor 4: The Request Is Unduly Intrusive and Burdensome

The subpoena seeks a significant portion of the over 300,000 pages of State Court Action documents, many irrelevant to Cayman valuation (e.g., fiduciary duty details vs. share fair value). Applicants' reliance on the State Court Action chart

overlooks that those documents were produced for fiduciary claims, not CIH valuation. This imposes undue burden on Respondent, requiring review and production of confidential materials protected in the State Court Action. Costs should shift to Applicants if any production is ordered. The retaliatory nature and Applicants' pattern amplify the burden.

    III.    The Court Should Apply Heightened Scrutiny to § 1782 Applications for Discovery Made to Law Firms or Counsel

Under the Second Circuit's jurisdiction, courts should exercise heightened scrutiny when reviewing applications for discovery under 28 USCS § 1782 that seek documents from law firms or counsel. *See Kiobel v. Cravath, Swaine & Moore L.L.P.*, 895 F.3d 238, 249 (2d Cir. 2018)

Law firms often hold sensitive, privileged, or confidential information due to their role as legal counsel. In *Kiobel*, 895 F.3d 238, the Second Circuit emphasized the need for caution when § 1782 applications target law firms. The court noted that such applications may effectively seek discovery from an adversary in foreign litigation, raising concerns about fairness and the circumvention of foreign proof-gathering restrictions *Kiobel*, 895 F.3d 238, *Klein v. Altara RK Invs. Ltd.*, No. 24-228-cv, 2025 U.S. App. LEXIS 3869 (2d Cir. Feb. 20, 2025). Similarly, in *Schmitz v. Bernstein Liebhard & Lifshitz, L.L.P.*, 376 F.3d 79 (2d Cir. 2004), the Second Circuit highlighted the risk of using § 1782 to obtain discovery indirectly from an opponent in foreign proceedings, particularly when the discovery is sought from a law firm. *Klein*, 2025 U.S. App. LEXIS 3869.

Here, Applicants are adversaries of both Fang and CIH in Cayman Islands. The Court should see through Applicants' ulterior motive to circumvent Cayman Islands court rules on discovery to obtain discovery from adverse parties.

## CONCLUSION

For the foregoing reasons, the Court should deny the Application in its entirety or, at minimum, modify it to narrow the scope and require cost-sharing. Respondent requests oral argument if needed.

Respectfully submitted,

*B. Robert Liu*
_____

Beixiao Robert Liu (Bar #: 5697552)

Balance Law Firm

1 World Trade Ctr Ste 8500
New York, NY 10007

(212) 741-8080

(646) 558-4889 fax

robert.liu@balancelawfirm.com

*Attorneys for Respondent Balance Law PLLC.*

Certificate on Local Civil Rule 7.1 Compliance

Relying on the word count of the word-processing program used to prepare this document, the undersigned states that the number of words in this document is 2,175 and certifies that this document complies with the word-count limitation as set forth in Local Civil Rule 7.1.

*B. Robert Liu*
_____

Beixiao Robert Liu (Bar #: 5697552)
Balance Law Firm
1 World Trade Ctr Ste 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 fax
robert.liu@balancelawfirm.com
*Attorneys for Respondent Balance Law PLLC*