## UNITED STATES DISTRICT COURT
## SOUTHEN DISTRICT OF NEW YORK

| | |
|---|---|
| 507 SUMMIT LLC and KOA CAPITAL L.P.<br><br>      Applicants,<br><br>      v.<br><br>BALANCE LAW PLLC dba Balance Law Firm<br><br>      Respondent. | Case No. 1:25-mc-00235-GHW-KHP<br><br>**Declaration of B. Robert Liu, Esq. In Opposition to the Application for Discovery under 28 U.S.C. § 1782**<br><br>Honorable Katherine Parker |

  I, B. Robert Liu, Esq., subscribe the following matter as true under penalty of perjury:

  1. I am the Managing Partner of Balance Law PLLC, Respondent in the above-captioned case. I have personal knowledge of the facts set forth herein, except where stated on information and belief, and as to those matters, I believe them to be true. I submit this declaration in opposition to the application of Petitioner 507 Summit LLC and KOA Capital L.P. ("Applicants") for an order pursuant to 28 U.S.C. § 1782.

  2. I am also counsel of record for Mr. Vincent Tianquan Mo and Mr. Richard Jiangong Dai–current and former Chairman of Fang Holding Limited ("Fang")–in a shareholder derivative lawsuit currently pending before the Honorable Andrew Borrok in the New York State Supreme

1

Court, Commercial Division, captioned *OASIS INVESTMENTS II MASTER FUND LTD. v. VINCENT TIANQUAN MO et al*, Index No. 652607/2023 (the "State Court Action").

**Applicants and plaintiffs in the State Court Action**

3. Applicant 507 Summit LLC is acting in concert with the plaintiff in the State Court Action.

4. When the State Court Action was initially filed in May 2023, there were two plaintiffs, Oasis Investments II Master Fund Ltd ("Oasis Master Fund") and Lorelei NCC Inc ("Lorelei").

5. After Defendants in the State Court Action raised the affirmative defense of champerty, Lorelei offered to and did withdraw from the State Court Action in March 2025.

6. After the State Court Action was filed and while Lorelei was still a derivative plaintiff, Lorelei sold all of its Fang shares except for one share to 507 Summit LLC at the end of 2023.

7. Approximately one month after it acquired these Fang shares from Lorelei, in January 2024, 507 Summit LLC (together with KOA Capital L.P.) commenced a winding up petition against Fang in Cayman Islands, seeking a winding up of Fang.

8.  This share purchase transaction and the winding up petition filed immediately thereafter indicates coordinated efforts between Applicants and the State Court Action plaintiffs, as it aligns their economic interests and suggests shared strategies in challenging the Fang's transactions.

9.  Applicants have a well-documented history of seeking discovery under 28 U.S.C. § 1782 in federal district courts around the country for the same type of appraisal actions in the Cayman Islands, including:

- in *507 Summit LLC et al v. General Atlantic, L.P., 1:23-mc-00427* (S.D.N.Y. 2024), seeking discovery for CIH valuation documents;

- in 507 *Summit LLC et al v. Jiao Hayes, 3:24-cv-10260* (D.N.J. 2024), seeking deposition;

- in 507 *Summit LLC v. Kroll LLC et al, 1:2023-mc-00043* (D. Del. 2023), seeking discovery for Kroll LLC (f/k/a Duff & Phelps LLC) and Kroll Securities LLC documents;

- in *507 Summit LLC et al v. Roth Capital Partners, LLC, 8:2023-mc-00018* (C.D. Cal. 2023), seeking discovery for valuations;

- *In re Application of 507 Summit LLC, et al., Case No. 2:23-mc-00040-MTL* (D. Ariz. 2023), seeking similar appraisal-related discovery; and

- *In re Application of 507 Summit LLC*, Case No. 4:23-mc-80243-DMR (N. D. Cal 2023), seeking deposition.

10. In most if not all of these § 1782 proceedings in other judicial districts, the applications were unopposed.

11. Further evidence of this concert of action is that the counsel for the plaintiffs in the State Court Action–Reid Collins & Tsai LLP ("Reid Collins")–has appeared for or otherwise assisted 507 Summit LLC in applications in the District of Arizona and the Northern District of California, seeking discovery for similar Cayman Islands appraisal proceedings.

12. This overlapping representation demonstrates a collaborative relationship between Applicants and the State Court Action plaintiffs, aimed at advancing mutual litigation goals.

13. In fact, another Oasis fund affiliated with the plaintiff in the State Court Action Oasis Master Fund joined Applicant 507 Summit LLC in some of these § 1782 proceedings in other federal district courts and they were jointly represented by Reid Collins.

**The Appraisal Proceeding of CIH in the Cayman Islands**

14. Applicants filed this application purportedly for use in an appraisal proceeding they commenced against CIH in the Cayman Islands.

4

15. Applicants correctly stated that CIH became a publicly traded company through a spin-off transaction from Fang in 2019.

16. This spin-off transaction in 2019 and the following four transactions/events are at issue in the State Court Action:

- Fang's purchase of CIH shares from Vincent Tianquan Mo in 2019–2020;
- Fang's delisting from the New York Stock Exchange;
- Vincent Tianquan Mo and Richard Jiangong Dai's purchase of Fang shares after the Fang delisting; and
- CIH's go-private transaction on NASDAQ.

17. Applicants' appraisal action against CIH in the Cayman Islands only concerns the last transaction above "CIH's go-private transaction on NASDAQ," and seeks to challenge the consideration paid by majority shareholders to minority shareholders in the CIH go-private transaction.

18. Applicants' appraisal action is currently in the discovery phase under the Cayman Grand Court process. Applicants are scheduled to receive document production from CIH in that appraisal proceeding this month (August 2025).

19. Upon information and belief, the discovery process in this appraisal action in the Cayman Islands is proceeding smoothly in due course.

20. Any relevant and responsive documents in the requested discovery in this Application—documents already produced in the State Court Action—are duplicative of what Applicants will obtain directly in Cayman, underscoring the lack of necessity.

**This Application is Made with Retaliatory Intent**

21. This application was made by Applicants to retaliate the nonparty subpoena that Respondent issued to Applicants in the State Court Action.

22. In the State Court Action, Justice Borrok has specifically authorized discovery from non-parties, including minority shareholders such as Applicants, to obtain their understanding of the transactions at issue in the State Court Action. Pursuant to that authorization, Respondent served a non-party subpoena on Applicants. A true and correct copy of Respondent's subpoena is annexed hereto as Exhibit A.

23. Applicants' filing of this § 1782 Application shortly thereafter is a clear retaliation for that subpoena, as it seeks to impose burdensome production obligations without having a real need for this production.

24. After the case management conference on July 8, 2025, I had a sit-down meeting with opposing counsel in the jury room for approximately 30 minutes regarding resolving these issues amicably. The opposing counsel seemed to be receptive to an amicable resolution.

25. Based on that meeting, I made a proposal to opposing counsel, under which Respondent would produce documents related to the CIH go-private transaction to Applicants, which is all that Applicants are entitled to obtain under this Application, because the other four transactions/events at issue in the State Court Action are irrelevant to the appraisal proceeding in the Cayman Islands. A true and correct copy of my proposal is annexed hereto as Exhibit B. As part of this amicable resolution, I also proposed that Applicants produce documents responsive to my nonparty subpoena issued to them.

26. However, not only did Applicants refuse to even engage in any discussion about producing documents in responsive to my nonparty subpoena issued in the State Court Action, but they also rejected my offer to produce documents relevant to the CIH go-private transaction and insisted on getting documents related to the entire State Court Action.

27. That's patently unreasonable and disproportional because out of the five transactions/events at issue in the State Court Action, only one is

arguably relevant to the appraisal proceeding in the Cayman Islands; the other four are irrelevant, and Applicants are not entitled to obtain documents related to those transactions.

28. Applicants, through their refusal to engage in good-faith negotiations as directed by this Court, have further evidenced their retaliatory intent. Despite the Court's instruction to negotiate, Applicants insisted on unilateral imposition of its subpoena on me (as Respondent) without any compromise or reciprocity regarding the State Court Action subpoena.

29. Applicants' retaliatory intent is also manifested through their unreasonable, overbroad, and burdensome discovery requests to Respondent that are not only way beyond the scope of their appraisal proceeding in the Cayman Islands, but are also duplicative–to the extent of the document production they will receive in the Cayman Islands proceeding later this month.

30. Respondent assisted defendants in the State Court Action with producing over 300,000 pages of documents, and the chart attached to Applicants' application include a significant portion of these 300,000 pages' document production. Applicants have no real need for these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2025, in New York, New York.

*B. Robert Liu*
_____

Beixiao Robert Liu (Bar #: 5697552)

Balance Law Firm

1 World Trade Ctr Ste 8500
New York, NY 10007

(212) 741-8080

(646) 558-4889 fax

robert.liu@balancelawfirm.com

*Attorneys for Respondent Balance Law PLLC*

Certificate on Local Civil Rule 7.1 Compliance

Relying on the word count of the word-processing program used to prepare this document, the undersigned states that the number of words in this document is 1,419 and certifies that this document complies with the word-count limitation as set forth in Local Civil Rule 7.1.

*B. Robert Liu*
_____

Beixiao Robert Liu (Bar #: 5697552)
Balance Law Firm
1 World Trade Ctr Ste 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 fax
robert.liu@balancelawfirm.com
*Attorneys for Respondent Balance Law PLLC*