UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 507 SUMMIT LLC, *et al.*,<br><br>                Petitioners,<br><br>           v.<br><br>BALANCE LAW PLLC d/b/a Balance Law Firm,<br><br>                Respondent. | Case No. 1:25-mc-00235-KHP<br><br>Honorable Katharine H. Parker |

**DECLARATION OF B. ROBERT LIU IN SUPPORT OF RESPONDENT BALANCE LAW PLLC'S MOTION TO QUASH PETITIONERS' SUBPOENA**

I, B. Robert Liu, Esq., state the following as true under the penalty of perjury:

1. I am the Managing Partner of Balance Law PLLC ("Balance Law"), Respondent in the above-captioned case. I make this declaration based on my personal knowledge.

2. In response to the Order issued by this Court on January 26, 2026 Order in the above-captioned case, Petitioners served a subpoena duces tecum ("the Subpoena") on Balance Law. A true and correct copy of the Subpoena is attached as Exhibit 1.

3. On February 25, 2026, I had a meet-and-confer call with Petitioners' counsel, but we did not agree on a resolution to this dispute.

4. Balance Law is a U.S. law firm. Many of Balance Law's clients are foreign companies or individuals.

5. Petitioners in the above-captioned case, 507 Summit LLC and KOA Capital L.P. (collectively, "Petitioners"), commenced an appraisal proceeding in the Cayman Islands after dissenting from a take-private transaction. Balance Law was not responsible for—and has had no

financial interest or any other involvement in—the events that gave rise to, and/or are at issue in, that Cayman Islands appraisal proceeding.

6. Balance Law has been representing certain foreign clients ("the Foreign Clients") in a shareholder derivative lawsuit pending in New York state court ("the State Court Action").

7. The documents sought by the Subpoena were received by Balance Law from the one of Foreign Clients for the purpose of Balance Law providing legal advice to that client. Balance Law did not create those documents and has them in its possession only because they were transmitted from abroad to Balance Law.

8. The documents sought by the Subpoena were produced in discovery to the plaintiff in the State Court Action, by Balance Law acting as counsel for the Foreign Clients, pursuant to a Stipulation and Order for the Production and Exchange of Confidential Information ("the Confidentiality Protective Order") that required the documents to be utilized "only for purposes of this litigation [*i.e.*, the State Court Action] and for no other purposes." Confidentiality Protective Order ¶ 6. A true and correct copy of the Confidentiality Protective Order is attached as Exhibit 2.

9. When the documents were transmitted from abroad to Balance Law and then produced to the plaintiff in the State Court Action, the Foreign Clients relied on the protections provided by the Confidentiality Protective Order to ensure that the documents would be produced only to the plaintiff in the State Court Action and for use only in that lawsuit. When agreeing to have the documents transmitted from abroad to Balance Law for the purpose of being assessed by Balance Law for (among other things) discoverability and then produced to the plaintiff in the State Court Action, Balance Law relied on the Confidentiality Protective Order to

3

ensure that the documents would be produced only to the plaintiff in that lawsuit and for use in only that lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2026 in New York, NY.

*B. Robert Liu*
_____
B. Robert Liu
