# Balance Law Firm

Telephone: +1(212) 741-8080
Facsimile: +1(646) 558-4889
https://balancelawfirm.com

One World Trade Ctr Ste 8500
New York, NY 10007-0089
DC, CT, NJ, MD, WA, AK

March 12, 2026

<u>Via Email Only</u>
Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007

    Re:  *507 Summit LLC, et al. v. Balance Law PLLC*, No. 1:25-mc-00235-KHP
         <u>Respondent's Response to Petitioners' Letter Motion for Leave to File Surreply</u>

Dear Judge Parker:

    Respondent Balance Law PLLC ("Balance Law") hereby responds to Petitioners' 3/9/26 letter motion ("Letter Motion") (ECF No. 29) for leave to file the surreply attached to the Letter Motion. Balance Law does not object to Petitioners' being granted leave to file that surreply, so long as the Court allows Balance Law to file a brief response to that surreply.

    Moreover, the Letter Motion itself makes a substantive argument in opposition to Balance Law's Motion to Quash Petitioners' Subpoena ("Motion to Quash"), which is a clever ploy that presents Petitioners' argument to the Court, even if it were to deny the Letter Motion. To correct the record, Balance Law responds briefly here to Petitioners' assertion that the Motion to Quash "was not accompanied by evidence to support its claim…that this § 1782 proceeding and the resulting subpoena were filed/served in retaliation" for Balance Law previously having served a subpoena in the New York state court shareholder derivative action. In fact, Balance Law's memorandum of law (ECF No. 24 at 11) in support of the Motion to Quash ***did*** present evidence in support of that argument—namely, the timing of when Petitioners filed this Section 1782 application in relation to when Balance Law served that subpoena; their refusal to engage in good-faith negotiations to resolve this dispute; and their unreasonable, overbroad, burdensome document requests. Perhaps the assertion in the Letter Motion regarding alleged lack of evidence was imprecise and merely meant that Balance Law did not present ***direct*** evidence, but that does not undermine Balance Law's argument. Of course, there is no signed confession by Petitioners (and/or their counsel) admitting their retaliatory intent, motive to harass, and/or bad faith, so Balance Law has presented ***circumstantial*** evidence. As courts repeatedly have recognized, circumstantial evidence can be used to prove intent, motive, and/or bad faith. *See, e.g.*, *U.S. v. Clarke*, 573 U.S. 248, 254 (2014); *Hartman v. Moore*, 547 U.S. 250, 261 (2006); *Poor for and on Behalf of National Labor Relations Bd. v. Parking Systems Plus, Inc.*, 162 F.4th 335,



| | |
|---|---|
| Telephone: +1(212) 741-8080 | One World Trade Ctr Ste 8500 |
| Facsimile: +1(646) 558-4889 | New York, NY 10007-0089 |
| https://balancelawfirm.com | DC, CT, NJ, MD, WA, AK |

347 (2d Cir. 2025). Juries rely on circumstantial evidence to make important decisions every week in courts throughout the country—including issuing beyond-a-reasonable-doubt verdicts in criminal cases—so there is no reason why this Court cannot rely on circumstantial evidence presented by Balance Law to decide whether the Court "suspects that the discovery [sought by Petitioners] is being sought for the purposes of harassment," *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012).

Respectfully submitted,

BALANCE LAW FIRM

*B. Robert Liu*
_____
Beixiao Robert Liu, Esq.
(212) 741-8080
robert.liu@balancelawfirm.com
*Attorneys for Respondent*

cc:    counsel of record